1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS CORDOVA BARAJAS, | ) | CV F 05-0318 AWI |
| Petitioner, | ) | (CR F 01-5360-01 AWI) |
| | ) | |
| v. | ) | ORDER DENYING |
| | ) | PETITIONER'S MOTION TO |
| | ) | CORRECT, AMEND OR |
| | ) | VACATE HIS SENTENCE |
| UNITED STATES OF AMERICA, | ) | AND CLOSING THE CASE |
| | ) | |
| Respondent. | ) | (28 U.S.C. § 2255) |
| | ) | |
| _____ | ) | |

## INTRODUCTION

In this case, petitioner Jesus Cordova Barajas ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 210 months that was imposed by this court on December 18, 2002, following conviction by jury trial to one count of manufacture/cultivation of more than 1,000 marijuana plants and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was arrested on the morning of September 21, 2001, as he emerged from a tarp-covered shelter located next to a large marijuana patch in an isolated location in the Stanislaus

---

[1]     References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

National Forest.  According to the Presentence Investigation Report ("PIR") that was prepared following the trial, a loaded semi-automatic rifle containing 30 rounds of ammunition was found in the shelter where Petitioner was sleeping.  The PIR also states that a total of 7,018 marijuana plant were recovered from the two gardens associated with the encampment where Petitioner was found.  The plants, minus stems and stalks, had an actual weight of 2,910 pounds or approximately 1,320 kilograms.

Following jury trial, Petitioner was found guilty of one count of manufacture/cultivation of more than 1,000 marijuana plants.  The jury made a separate finding that the allegation of 1,000 or more marijuana plants was proven.  Petitioner was found not guilty of possession of a firearm during and in relation to a drug offense.

The PIR calculated a base offense level pursuant to USSG 2D1.1 of 32 based on a weight of marijuana greater than 1,000 Kg. and less than 3,000 Kg.  Two levels were added pursuant to USSG 2d1.1(b)(1) for possession of a dangerous weapon.  Two additional levels were added pursuant to USSG 3C1.1 for obstruction based on testimony given during trial by Petitioner that was found to be false.  No adjustments were made for Petitioner's role in the enterprise nor was there any reduction for acceptance of responsibility.  Based on a total calculated offense level of 36 and a criminal history of II, Petitioner was sentenced at the bottom of the guideline range of 210 to 262 months.

Petitioner filed a notice of appeal on December 23, 2002.  The Ninth Circuit Court of Appeal affirmed Petitioner's conviction and sentence on March 9, 2004.  The instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C., section 2255 was timely filed on March 7, 2005.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move

2

1   the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section

2   2255, "a district court must grant a hearing to determine the validity of a petition brought under

3   that section, '[u]nless the motions and the files and records of the case conclusively show that the

4   prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)

5   (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed

6   against the record, fail to state a claim for relief or "are so palpably incredible or patently

7   frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159

8   (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn

9   the right to a hearing, therefore, the movant must make specific factual allegations which, if true,

10  would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are

11  insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980),

12  cert. denied, 451 U.S. 938 (1981).

13                                          **DISCUSSION**

14          Petitioner alleges four grounds for habeas relief.  First, Petitioner alleges the base offense

15  level was incorrectly calculated because the base level of 32 is not based on an amount of

16  marijuana found by the jury or that could be calculated according to the applicable guideline

17  standards based on the jury verdict.  Second, Petitioner claims the jury's verdict form and the

18  jury instruction omitted any reference to aiding and abetting.  Petitioner contends that as a

19  consequence, he sentence should be vacated because there is not a correspondence between the

20  indictment and the jury's verdict.  Third, Petitioner alleges he suffered ineffective assistance of

21  counsel when his attorney failed to challenge the Government's estimates of quantity of

22  marijuana and request a corresponding adjustment in the base offense level computation.

23  Petitioner also alleges he suffered ineffective assistance of counsel when his attorney failed to

24  object to the two-level enhancement for the firearm.  Petitioner also contends he suffered

25  ineffective assistance of counsel because his attorney failed to raise the aforementioned issues on

26  appeal.  Fourth, Petitioner contends he should receive a downward departure because there was

27

28                                               3

1    insufficient evidence to support his conviction.

2    **I. Procedural Default**

3         A petitioner moving pursuant to section 2255 "procedurally defaults his claims by not

4    raising them on direct appeal and not showing cause and prejudice or actual innocence in

5    response to the default. [Citation.]" <u>United States v. Ratigan</u>, 351 F.3d 957, 962 (9 Cir. 2003).

6    "'If a criminal defendant could have raised a claim of error on direct appeal but nevertheless

7    failed to do so, he must demonstrate both cause excusing his procedural default, and actual

8    prejudice resulting from the claim of error.' [Citation.]" <u>United States v. Skurdal</u>, 341 F.3d 921,

9    925 (9th Cir. 2003).  "Generally, to demonstrate 'cause' for procedural default, an appellant must

10   show that 'some objective factor external to the defense' impeded his adherence to the

11   procedural rule. [Citation.]" <u>Id.</u>

12        In the instant case, Petitioner's direct appeal addressed the sufficiency of the evidence to

13   sustain a conviction as to the first count, the court's refusal to grant a downward departure based

14   on Petitioner's alleged minor role in the enterprise, and the two-level upward adjustment based

15   on obstruction.  Petitioner's appeal did not address the court's determination of the amount of

16   marijuana found, nor did it directly address Petitioner's allegation as to the discrepancy between

17   they jury's verdict and the charge of aiding and abetting as set forth in the indictment.  Petitioner

18   offers no reason for the failure to raise these issues on direct appeal.  The court therefore finds

19   these issues are procedurally defaulted.  The court will briefly address these issues to determine if

20   there is prejudice or any basis for a finding of actual innocence.

21        Petitioner's claim or claims of ineffective assistance of counsel were not raised on direct

22   appeal, however claims of ineffective assistance of counsel are generally not waived and are

23   frequently addressed in the context of collateral attack.  <u>United States v. Baramdyka</u>, 95 F.3d

24   840, 844 (9th Cir. 1996).  The court therefore declines to find that Petitioner's claim of

25   ineffective assistance of counsel is procedurally defaulted.

26        Petitioner's last claim for habeas relief appears to be essentially a claim of insufficiency

27

28                                        4

of the evidence, although it is not formally expressed in those terms. To the extent Petitioner

raised the claim of insufficiency of the evidence on appeal, the court does not find Petitioner's

claim on this issued defaulted.

### A. Base Offense Level Was Properly Calculated

Petitioner's claim that the PIR improperly calculated the offense level applicable to his

conduct is factually confused. The jury's finding of 1,000 or more marijuana plants supports the

quantitative element necessary to bring the offense within the terms of 21 U.S.C. section

841(b)(1)(A), which subjects Petitioner to a potential sentence of not less than 10 years or more

than life imprisonment. In contrast, adjustments in the offense level pursuant to the sentencing

guidelines is based not on the number of plants recovered, but on the weight of the marijuana

produced.

Pursuant to Note "E" to USSG § 2D1.1:

> In the case of an offense involving marijuana plants, treat each plant, regardless of
> sex, as equivalent to 100 G[rams] of marijuana. Provided, however that if the
> actual weight of the marijuana is greater, use the actual weight of the marijuana.

In the instant case, the actual weight of the useful portion of the marijuana plants recovered was

determined to be 2,910 pounds, which converts to the 1,320 kilograms that was used to compute

the offense level. The Ninth Circuit Court of Appeals noted that "U.S. Forest Service Officer

Robert Hernandez testified that the marijuana plants were being cultivated in a manner that

would enhance the size of the flowering portion of the plant." United States v. Barajas, 360 F.3d

1037, 1040 (9th Cir. 2004). The growing technique noted can be inferred to account for the

differential between the 702 Kg of marijuana that would be calculated by using the factor of 100

grams per plant and the amount of marijuana actually measured. Since the amount of marijuana

actually measured was greater than the calculated amount, the court was correct to apply the

amount actually measured in determining the offense level.

To the extent Petitioner's claim is based on a claim that Petitioner was entitled to a

determination of the weight of the marijuana recovered beyond a reasonable doubt pursuant to

1    Apprendi v. New Jersey, 530 U.S. 446, 490 (2000), or its progeny, Petitioner correctly noted in

2    his supplemental brief that the rule first set forth in Apprendi does not apply retroactively.  The

3    case applying the rule in Apprendi to sentences imposed in federal courts under the Federal

4    Sentencing Guidelines is  United States v. Booker, 543 U.S. 125 S.Ct. 738, 756 (2005).  See

5    Lloyd v. United States, 407 F.3d 608, 611 n.1 (3rd Cir. 2005) (in context of challenges pursuant

6    to section 2255, it is appropriate to refer to the "Booker rule").  It is well established law in the

7    Ninth Circuit that the rule in Booker is not a watershed rule that may be applied retroactively on

8    collateral review, but rather is a rule of procedure that may not be applied retroactively to cases

9    where the judgment was final before the rule was announced.  Schardt v. Payne, 414 F.3d 1025,

10   1036-1038 (9th Cir. 2005); see Lloyd, 407 F.3d at 611 n.1 ("It is the date on which Booker

11   issued, rather than the date on which Blakely issued that is the 'appropriate dividing line'").

12   Thus, the threshold question is whether Petitioner's conviction became final before or after the

13   decision in Booker issued.

14          In establishing the date of final judgment for purposes of application of the rule in

15   Booker, the court applies the same calculation that is used to determine the date of final

16   judgment for purposes of determining the running of the statute of limitations.  See Lloyd, 407

17   F.3d at 612 (judgment is final upon expiration of time allowed to file petition for writ of

18   certiorari for purposes of applying rule in Booker).  For persons convicted in federal courts in

19   this circuit, "the one-year limitations period for a federal prisoner who does not file a petition for

20   a writ of certiorari begins to run when the time for filing the petition expires."  U.S. v. Garcia,

21   210 F.3d 1058, 1060 (9 Cir. 2000).  The time for filling a petition of certiorari is 90 days after

22   entry of the court of appeals' judgment.  See Sup.Ct. R. 13; Id. at 1059.  In this case, Petitioner's

23   conviction became final as of the end of the 90-day period following the date his conviction was

24   affirmed by the court of appeal.

25          As discussed above, the Court of Appeals affirmed Petitioner's conviction on March 9,

26   2004.  The rule in Booker was issued on January 12, 2005, about six months *after* the time

27

28                                              6

1   expired during which Petitioner could have filed for a writ of certiorari and Petitioner's

2   conviction therefore became final.  Because " Booker is not retroactive, and does not apply to

3   cases on collateral review where the conviction was final as of the date of Booker's publication,"

4   United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005), the court must find the rule in

5   Booker does not apply in Petitioner's case.  Because the rule in Booker does not apply, Petitioner

6   is not entitled to the determination by a jury of the amount of marijuana charged to him using the

7   standard of beyond a reasonable doubt.

8                  ***B. Jury Verdict Discrepancy is not Prejudicial***

9          The judgment that was filed on December 18, 2002, described Petitioner's conviction as

10  "21 U.S.C. 841(a)(1) & 18 U.S.C. 2 Manufacture/Cultivation of Marijuana and Aiding and

11  Abetting."  Doc. # 45 at 1.  The jury verdict form states, "[a]s to Count One,

12  Manufacture/Cultivate one thousand or more marijuana plants, we the jury in the above-

13  captioned case, find the defendant Jesus Cordova Barajas [check mark entered above the word

14  "guilty]."  Doc. # 40.  The Jury's verdict form does not mention "aiding and abetting."

15         Pursuant to section 2X3.1 of the Sentencing Guidelines, the guideline sentence for aiding

16  and abetting "is the same as that for the underlying offense."  So long as Petitioner's sentence

17  was based solely on the guideline sentence for the underlying offense of manufacture/cultivation

18  of marijuana, the sentence is in conformity with the sentencing guidelines and Petitioner is not

19  entitled to any amendment of the sentence.  As discussed, Petitioner's sentence was based

20  entirely on the sentencing guidelines calculated on the basis of his conviction for cultivation of

21  marijuana in light of the weight of the marijuana recovered.  There is no component of the

22  sentence that is attributable to the judgment against Petitioner on the charge of aiding and

23  abetting.  Consequently, Petitioner is not entitled to have his sentence vacated, amended or

24  corrected pursuant to section 2255.

25  **II. Ineffective Assistance of Counsel**

26         Petitioner alleges he received ineffective assistance of counsel when his attorney failed to

27

28                                                7

1  raise the issues of the validity of the Government's estimates of quantity of marijuana the

2  enhancement of his sentence for possession of a dangerous weapon pursuant to USSG

3  2D1.1(b)(1), and for the failure of his attorney to raise those issues on appeal.

4        To establish a constitutional violation for the ineffective assistance of counsel, a

5  defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.

6  United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient

7  performance of counsel, Petitioner must demonstrate that his attorney "made errors that a

8  reasonably competent attorney acting as a diligent and conscientious advocate would not have

9  made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner

10 must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional

11 errors, the result of the proceeding would have been different."  Strickland v. Washington, 466

12 U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance of counsel need not

13 address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one

14 prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

15 sufficient prejudice, which we expect will often be so, that course should be followed."  Id.  "A

16 lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be

17 meritless on the facts and the law."  Lowery v. Lewis, 21 F.3d 344346 (9th Cir. 1994).

18       Petitioner's claim of ineffective assistance for failure to challenge the amount of

19 marijuana used in the calculation of the offense level must fail because there was no reasonable

20 basis for such a challenge.  As discussed previously, the amount of marijuana was determined by

21 actual weighing.  The weight of a quantity of material is an objective measurement and unless

22 there is some reason to question the technique of weighing or accuracy of the weighing

23 instrument, there is no basis for a legal challenge to a determination of weight.  As previously

24 discussed, Petitioner was not entitled to a determination of the amount of marijuana by a jury

25 beyond a reasonable doubt.

26       Petitioner does not allege any fact which could have formed the basis to a challenge to the

27

28                       8

weight of marijuana determined by the Government.  Because Petitioner cannot demonstrate

prejudice arising from the his attorney's failure to challenge the Government's determination of

the weight of the marijuana, Petitioner's claim of ineffective assistance of counsel fails.

Petitioner next alleges ineffective assistance of counsel arising from his attorney's failure

to challenge the addition of two points to the offense level for the possession of a dangerous

weapon.  The jury's verdict found Petitioner not guilty of "Possession of a Firearm During and *In*

*Relation* to a Drug Offense."  Doc. # 40 at 2 (italics added).  Note 3 of the Commentary to

section 2D1.1(b)(1) of the Untied States Sentencing Guidelines provides:

> The enhancement for weapon possession reflect the increased danger of violence
> when drug traffickers possess weapons .  The adjustment should be applied if the
> weapon *was present*, unless it is clearly improbable that the weapon was
> connected with the offense.  For example, the enhancement would not be applied
> if the defendant , arrested at his residence, had an unloaded hunting rifle in the
> closet.

In contrast, conviction of the crime of using or carrying a firearm during and in relation to

a drug offense pursuant to 18 U.S.C. section 924(c)(1)(A) requires proof of the following

elements: (1) the defendant committed a drug trafficking crime that can be prosecuted in a

federal court; (2) a firearm was carried or used during the commission of the crime; and (3) the

defendant carried or used the firearm in relation to the drug offense.  See United States v.

Mendoza, 11 F.3d 126, 129 (9th Cir 1993) (holding the "in relation to" element to be a required

element of the crime).

The PIR indicates, and Petitioner does not dispute, that a fully loaded semi-automatic rifle

was found leaning against Petitioner's bed at the encampment where Petitioner was arrested.

There is no contradiction between the jury's verdict of not guilty as to the gun use charge and the

application of the enhancement pursuant to USSG § 2D1.1(b)(1).  Under the undisputed facts set

forth, it is perfectly reasonable that a jury could determine evidence was lacking to prove

Petitioner carried or used the firearm while carrying out his role in cultivating the marijuana.  By

the same set of facts, there is no reasonable dispute that the gun was present at the crime scene

and that it was in the enclosure where Petitioner slept.  Since mere possession, even in the

absence of proof of use, is sufficient to justify the two-level enhancement under section

2D1.1(b)(1), the undisputed facts of this case support the court's application of the enhancement

even though the jury found Petitioner not guilty of the crime of use of a firearm.

Because it is not disputed that Petitioner possessed a weapon at the site of the crime, there

is no basis for objection to the two-level enhancement pursuant to USSG § 2D1.1(b)(1).  Because

Petitioner cannot show prejudice arising from his attorney's failure to object to the application of

the two-level enhancement, Petitioner's claim of ineffective assistance of counsel must fail.

Because Petitioner cannot show that there was any reasonable probability that he could prevail on

either issue on direct appeal, Petitioner's claim for ineffective assistance of counsel for failure to

appeal these issues must also fail.

**IV. Sufficiency of the Evidence**

Petitioner contends he should be granted a downward departure because the evidence

adduced against him is not sufficient to sustain his conviction.  Although perhaps worded

somewhat differently, this is essentially the argument Petitioner made on direct appeal where he

challenged the court's refusal to grant a downward departure for minor role pursuant to USSG

3B1.2.  The appellate court, in affirming the district court's sentence, noted:

> [Petitioner] is mistaken regarding the party that has the burden of proof and
> persuasion concerning downward adjustments.  It was [Petitioner's] burden to
> persuade the sentencing judge by a preponderance of the evidence that he played a
> minor role in the offense. [Citation.] [Petitioner] presented no evidence that his
> role in the cultivation of the marijuana plants was minor.  Instead, he testified that
> he had no role at all in the offense – he was merely a gullible tomato picker who
> found himself in the wrong place, at the wrong time.

Barajas, 360 F.3d at 1042-1043.

Petitioner lists a number of facts that he contends were not adduced at the trial and that

demonstrate a minor role in the enterprise.  Petitioner contends, inter alia, that the fact he was not

directly observed cultivating the plants or directing others to do so, that he did not flee when

approached by law enforcement, and that his presence at the garden site was not shown except

for the day of his arrest all support his claim of non-involvement in the marijuana growing

10

project or that he had a minor role.  Petitioner further contends that it was never proven that he

knew that the plants being grown on the site were marijuana plants.

Although Petitioner's claim purports to address the court's refusal to grant a downward

departure for minor role, the facts Petitioner contends were not adduced at trial, or that were

proved in the negative, go to prove innocence rather than a minor role.  Whether Petitioner is

contending he should have received a downward departure for minor role or that insufficient

evidence was adduced at trial to support his conviction, both contentions were addressed on

Petitioner's direct appeal. Specifically, the appellate court addressed Petitioner's contention "that

the district court should have adjusted his criminal offense level score downward pursuant to

section 3B1.2 since the Government presented no evidence showing that [Petitioner] had played

a significant role in the offense."  Barajas, 360 F.3d at 1042.  Similarly, Petitioner also contended

on direct appeal that the evidence against him was "insufficient to support his conviction for

violation of § 841(a)(1) because there was no evidence of direct cultivation by him or that he

knew that the plants were marijuana." Id. at 1041.  The appellate court found the facts adduced

at trial were sufficient to support both the conviction and the refusal to depart downward for

minor role. Id. at 1041-43.

"The law in this circuit is clear that when a matter has been decided adversely on appeal

from a conviction, it cannot be litigated again on a 2255 motion. [Citations.]" Odom v. United

States, 455 F.2d 159, 160 (9th Cir. 1972).  Because the appellate court's decision in United

States v. Barajas constitutes the law of the case for purposes of Petitioner's claim that his

underlying conviction or failure to depart downward were unsupported by facts, Petitioner can

only prevail if he can present additional evidence, not known or available at the time of his

appeal, that would indicate extreme hardship.  See United States v. Real Property Located at

Incline Village, 958 F.Supp. 482, 487 (D. Nev. 1997) (law of the case doctrine requires identical

legal or factual issue already decided by the same or superior court to be binding on the trial

court unless substantially different evidence is presented, or there is an intervening change in

controlling authority, or the prior determination was clearly erroneous).

Petitioner's argument with respect to his contention that he should be granted a downward departure is not different in any significant way from the argument he raised on direct appeal.  As in his direct appeal, Petitioner relies on facts he contends were absent, and alleges no affirmative evidence of a minor role.  While Petitioner's instant motion for habeas relief arguably may have added or re-framed a few "absent facts" compared to those alleged in his direct appeal, Petitioner has alleged no new affirmative facts that were unknown or that could not have been known at the time of the appeal that would affirmatively demonstrate a minor role.  Because Petitioner alleges no substantially different evidence or intervening change in authority, petitioner's claim that the court should have granted a downward departure for minor role must be rejected pursuant to <u>Odom</u>. In addition, any implied contention by Petitioner that there were insufficient facts adduced at trial to support his conviction on count one of the indictment must be rejected under the same law of the case doctrine.


THEREFORE, for the reasons discussed above, Petitioner's motion to amend correct or set aside the sentence pursuant to section 2255 is hereby DENIED.  The clerk of the court shall CLOSE the CASE.


IT IS SO ORDERED.

**Dated:   February 6, 2008**           _____**/s/ Anthony W. Ishii**_____
                                        UNITED STATES DISTRICT JUDGE

12