IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORDOVA BARAJAS,  )<br>                                                     )<br>           Petitioner,             )<br>                                                     )<br>    v.                                           )<br>                                                     )<br>                                                     )<br>UNITED STATES OF AMERICA, )<br>                                                     )<br>           Respondent.           )<br>                                                     )<br>_____ ) | CV F 05-0318 AWI<br>(CR F 01-5360-01 AWI)<br><br>ORDER CONSTRUING<br>PETITIONER'S "NOTICE OF<br>AMENDMENT" AS A<br>MOTION TO AMEND AND<br>DENYING SAME<br><br>(28 U.S.C. § 2255) |

## INTRODUCTION

In this case, the court has previously issued a memorandum opinion and order denying the motion of petitioner Jesus Cordova Barajas ("Petitioner") to vacate, correct or set aside his sentence pursuant to 28 U.S.C., section 2255. (Petitioner's "2255 Motion"). Petitioner had been convicted by jury trial to one count of manufacture/cultivation of more than 1,000 marijuana plants and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In his 2255 Motion, Petitioner alleged four grounds for relief. First, Petitioner alleged the base offense level was incorrectly calculated because the base level of 32 is not based on an amount of marijuana found by the jury or that could be calculated according to the applicable guideline standards based on the jury verdict. Second, Petitioner claimed the jury's verdict form and the jury instruction omitted any reference to aiding and abetting. Petitioner contended that as a

consequence, he sentence should be vacated because there is not a correspondence between the indictment and the jury's verdict.  Third, Petitioner alleges he suffered ineffective assistance of counsel when his attorney failed to challenge the Government's estimates of quantity of marijuana, failed to object to the two-level enhancement for the firearm, and failed to raise the aforementioned issues on appeal.  Fourth, Petitioner contends he should receive a downward departure because there was insufficient evidence to support his conviction.

On February 8, 2008, the court issued a memorandum opinion and order (the "February 8 Order") denying each of the claims for relief in Petitioner's 2255 Motion.  Specifically, the court found that Petitioner had procedurally defaulted on the first and second claims listed above, and that those claims were factually unsupported in any event.  The court also determined that Petitioner's third and fourth claims for ineffective assistance of counsel and insufficiency of the evidence were without merit.

Currently before the court is a pleading filed by Petitioner on June 12, 2009, titled "Motion and Notice of Amendment to Memorandum in Support of Petitioner's Motion to Correct Sentence in Accordance with 28 U.S.C. § 2255" (hereinafter, the "Motion to Amend").  The Motion to Amend is found at the court's Docket number 66 and is currently designated a motion for reconsideration.  The stated purpose of Petitioner's Motion to Amend "is to redact from the original 2255 [Motion filed on March 7, 2005, and as amended on August 25, 2005,] any and all cited cases that do not apply retroactively."

The court can only conclude that Petitioner's Motion to Amend is procedurally improper.  The court has already ruled on the merits of the arguments presented in Petitioner's original 2255 motion and as that motion was amended.  Even if Petitioner's 2255 Motion was still pending and if the court could somehow construe the Motion to Amend as timely, the court can find no point or purpose in the proposed "Amendment."  To the extent that Petitioner's Motion to Amend asserts any legal argument, that argument was previously asserted by either the original 2255 Motion or its amendment.  Nothing is added to or subtracted from Petitioner's legal contentions

or factual allegations as set forth in the original 2255 Motion or as it was amendment by the instant Motion to Amend.

At first blush, Petitioner's Motion to Amend appeared to be an attempt to file a motion for reconsideration pursuant to Rule 60(b) and it was labeled as such in the court's Docket Report.  However, on further reflection, it does not appear that Petitioner's Motion to Amend was intended to be a motion for reconsideration because the Motion to Amend makes no reference to the court's February 8 Order or to any of the rulings set forth therein.  Rather, it appears to the court as though Petitioner is unaware of the court's February 8 ruling.  The court concludes Petitioner may not have received the court's February 8 Order even though that order was served by mail on the day it was filed.  In an abundance of caution the court will direct the Clerk of the Court to serve a copy of the court's February 8 Order along with this order.

THEREFORE, for the reasons discussed above, Petitioner's Motion to Amend, Docket No. 66, is hereby DENIED.  The Clerk of the Court shall serve Petitioner with both this order and the Court's order of February 8, 2008, Docket No. 64.  Both orders shall be served by mail with return receipt requested.

IT IS SO ORDERED.

**Dated:   July 24, 2009**             /s/ **Anthony W. Ishii**
                                       CHIEF UNITED STATES DISTRICT JUDGE